```
                    UNITED STATES DISTRICT COURT

                 FOR THE SOUTHERN DISTRICT OF CALIFORNIA


UNITED STATES OF AMERICA,       )   Case No. 22-cr-2701-BAS
                                )
                    Plaintiff,  )   August 21, 2024
       vs.                      )
                                )   Excerpt, Trial Day 15
DONALD DANKS, JONATHAN DESTLER, )   Discussion of Jury Note
and ROBERT LAZERUS,             )   Re Entrapment
                                )
                    Defendants. )
                                )


              REPORTER'S TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE CYNTHIA A. BASHANT
                  UNITED STATES DISTRICT JUDGE

                         PAGES 1 - 10




                    (APPEARANCES ON PAGE 2)
```

REPORTED BY:

ANNE MARIE ROLDAN, RMR, CRR, CSR 13095
U.S. OFFICIAL COURT REPORTER
U.S. District Court Clerk's Office
333 West Broadway, Suite 420
San Diego, California  92101

Reported stenographically; transcribed with CAT software.

```
 1   APPEARANCES:

 2   FOR THE PLAINTIFF:        UNITED STATES ATTORNEY'S OFFICE
                               880 Front Street, Suite 6293
 3                             San Diego, California  92101
                               By:  JANAKI G. CHOPRA, AUSA
 4                                  NICHOLAS W. PILCHAK, AUSA

 5   FOR DEFENDANT             LAW OFFICES OF PATRICK Q. HALL
     DONALD DANKS:             501 West Broadway, Suite 730
 6                             San Diego, California  92101
                               By:  PATRICK Q. HALL, ESQ.
 7
     FOR DEFENDANT             SNELL & WILMER
 8   JONATHAN DESTLER:         12230 El Camino Real, Suite 300
                               San Diego, California  92130
 9                             By:  ANDREW P. YOUNG, ESQ.

10   FOR DEFENDANT             LAW OFFICE OF MARTHA M. HALL
     ROBERT LAZERUS:           555 West Beech Street, Suite 508
11                             San Diego, California  92101
                               By:  MARTHA M. HALL, ESQ.
12
                               LAW OFFICE OF ADAM F. DOYLE
13                             444 West C Street, Suite 310
                               San Diego, California  92101
14                             By:  ADAM F. DOYLE, ESQ.
```

1  **WEDNESDAY, AUGUST 21, 2024, 2:48 P.M.**

2  **\*\*\***

3  **THE COURT:** We're back on the record outside the

4  presence of the jury. I guess I should ask you, do you waive

5  your clients' presence for all jury notes, since we seem to have

6  a very active jury?

7  **MR. HALL:** Yes.

8  **MR. YOUNG:** Yes, your Honor.

9  **MS. HALL:** Yes.

10  **THE COURT:** I've taken a look at the note. I guess I'm

11  not entirely sure what they're asking, except it seems -- they

12  seem to be a little confused about entrapment, because they're

13  talking about actions before the entrapment occurred, which

14  seems to me would go towards predisposition.

15  **MS. HALL:** That's exactly what we were thinking.

16  Mr. Doyle and I were thinking of an instruction to the jury that

17  they could consider a finding of no predisposition as it

18  pertains to any acts prior to contact with the agent.

19  **THE COURT:** I'm not sure how I would -- I was kind of

20  taking a stab at it. One of the things I sort of wrote down in

21  passing, "The Government must prove Defendant was not entrapped

22  at the time he committed that offense, that is the Government

23  must prove Defendant was not predisposed to commit the crime or

24  was not induced by the Government to commit the crime as defined

25  in the entrapment instruction at the time he committed the

1 crime.

2 "If the Government proves there was no entrapment at
3 the time defendants committed the crime, then entrapment is no
4 defense."

5 Maybe that's too elaborate.  I was kind of trying to --

6 **MS. HALL:**  We were sort of looking at it from the other
7 point, which is a finding of no predisposition could impact
8 their determination of his intent on acts prior to the
9 entrapment.  Because a finding of no predisposition, basically,
10 is a finding that he was not ready and willing to commit crimes,
11 that he was not someone who was doing this sort of thing.

12 **THE COURT:**  But it says, "If we determine there was
13 entrapment."  So if there is entrapment, presumably, at the time
14 Agent Tarwater was meeting with the defendant, does that make
15 him not guilty of actions done before the entrapment.  And I
16 think the answer to that is no.

17 **MS. HALL:**  We think that that's -- we would disagree
18 with that because the element of predisposition goes precisely
19 to his -- his conduct and character and intent prior to the
20 contact with the agent.

21 **MR. DOYLE:**  I was going to say, your Honor, the
22 entrapment time period, as I'll call it, really comes out of
23 that period is insider trading.  As we know, the case is not
24 alleged to be an insider trading case.  The only use of insider
25 trading here is to step back and say they were using inside

1   information as a means of enticing investments.
2           So I think that has to be part of our response here, is
3   that you can consider the entrapment as it pertains to whether
4   Mr. Lazerus gave inside information as part of the overall
5   conspiracy.
6           **MR. PILCHAK:**  I think that adds several layers of
7   confusion to the issue.  I'm not sure we need to go down to the
8   level of insider trading and how that plays into entrapment.
9           I also am not sure that if the jury finds entrapment
10  that it means that they've ruled out any criminal conduct that
11  occurred before the alleged entrapment.
12          **THE COURT:**  I think that's really what they're asking,
13  does that mean once we find entrapment, does that negate all
14  criminal conduct in the case.
15          **MS. HALL:**  I think the Court could craft an instruction
16  where it could tell the jury that they can consider a lack of
17  predisposition or predisposition when -- I don't know how to
18  phrase it -- when looking at the facts prior to the entrapment
19  period or when viewing the --
20          **THE COURT:**  I don't think that's what they're asking.
21  They're not asking that.  They're saying if we determine there
22  was entrapment, does that make him not guilty of actions done
23  before the entrapment.
24          **MS. HALL:**  What I'm saying is in a way, I think it
25  does, because they have to determine predisposition.  If they

1 determine that he is not predisposed to commit the crimes, that
2 involves a decision or determination that he was not already
3 committing these crimes.
4     **THE COURT:** But I think it's not just predisposition.
5 It has to do with inducement by the Government. If the
6 Government hasn't done any inducing yet, then there's no
7 entrapment regardless of predisposition. If there's no evidence
8 there was any Government inducement at the time he committed an
9 offense, then predisposition is sort of irrelevant because
10 there's no Government inducement. It's either/or.
11     **MS. HALL:** Right. So that's why we would like an
12 instruction that tells them they can consider their finding on
13 predisposition or the lack of predisposition as it pertains to
14 events that precede it.
15     **THE COURT:** I'm not sure I'm following you. Does the
16 Government have any proposal? I assume Mr. Hall and Mr. Young
17 have no dog in this fight.
18     **MR. YOUNG:** No, I don't, but it won't stop me from
19 talking.
20     My feeling is they can't reach a finding of -- I think
21 this is what Ms. Hall is saying. They can't reach a finding of
22 entrapment unless they've already -- unless they believe he is
23 not guilty of the crime before that. Because to be entrapped,
24 you have to be induced or have no predisposition to commit the
25 crime. So if you've been committing the crime, then you cannot

1  be entrapped.

2  So the very fact of them finding entrapment suggests to
3  me that they've not found that there's been any crime committed.
4  Because you can't get to entrapment unless you already -- you
5  can't reach a "yes, we're all agreed he has been entrapped," and
6  go through all the elements of entrapment and then say, "oh, but
7  he already committed this crime once."  They're logically
8  inconsistent.

9  **THE COURT:**  I agree.

10  **MR. PILCHAK:**  Your Honor, I'm not sure that's correct.
11  Because the way that 5.2, the instruction, is written, it's that
12  the Government has the burden of proving either that the
13  defendant was predisposed, or the Government was not in -- or,
14  sorry -- the defendant was not induced.

15  **THE COURT:**  I understand it's either/or.  But what
16  Mr. Young is saying is once they've reached a finding of
17  entrapment, they're finding he was not predisposed to commit the
18  crime.  So then finding he was predisposed to commit the crime
19  because he did commit the crime before is inconsistent with a
20  finding of entrapment down the road.

21  I mean, if they find entrapment, then they're finding
22  he was not predisposed to commit the crime.  And so they're
23  finding -- you know, it's not consistent.  I agree with
24  Mr. Young, it's not consistent.

25  **MR. PILCHAK:**  The last argument I would make is that

1   all the concepts that were discussed and already discussed in
2   the instruction they received, I know they got that instruction
3   and then gave us this next.
4       My concern is that by crafting a freewheeling new
5   instruction, putting emphasis on some pieces of it rather than
6   others, we're creating a different problem.
7       **THE COURT:**  That's why I just sort of tried to
8   summarize.  Maybe it won't be helpful to them.  But if I say,
9   "The Government must prove Defendant was not entrapped at the
10  time he committed that offense, that is the Government must
11  prove the defendant was not predisposed or was not induced as
12  defined in the entrapment instruction," referring them back to
13  the entrapment instruction, "at the time he committed the
14  crime," and then leave it at that.
15      **MR. PILCHAK:**  Just technically, you have an extra "not"
16  in that one.
17      **THE COURT:**  Right.  I have, "The Government must prove
18  Defendant was not entrapped at the time he committed that
19  offense.  That is the Government must prove Defendant was not
20  predisposed" --
21      **MR. PILCHAK:**  I think it is "predisposed."
22      **THE COURT:**  Or "was predisposed."
23      **MR. PILCHAK:**  Right.
24      **THE COURT:**  "Was predisposed to commit the crime or was
25  not induced by the Government to commit the crime, as defined in

1  the entrapment instruction, at the time he committed the crime."
2          I'm not sure it's going to give them what they want,
3  but short of saying, "You're very confused and you can't find,"
4  I'm not sure --
5          **MR. YOUNG:**  Your Honor, this isn't in furtherance of
6  the argument; I just want to put on the record that this sort of
7  escalates my concern about constructive amendment in that there
8  are so many allegations of insider trading and these types of
9  activities that have been introduced that they may be
10 thinking -- who knows what they're thinking.  But they may be
11 considering whether he is guilty of crimes that haven't been
12 charged.  And I think you can read into that note that there's
13 that level of confusion already going on in the room.
14         **MR. PILCHAK:**  We think, obviously, they're separate
15 issues, your Honor.
16         **THE COURT:**  So is there any opposition -- as much as it
17 may not help the jury, and I hate giving a response that may not
18 help the jury -- to sort of referring back to the entrapment
19 instruction in the way that I just proposed?
20         **MR. PILCHAK:**  We're fine.
21         **MS. CHOPRA:**  We don't object to that, your Honor.
22         **MS. HALL:**  We don't object.  We would request
23 additional language such as "You can consider the absence of
24 predisposition as it pertains to" --
25         **THE COURT:**  Honestly, if I'm going to give that, then

1  I'm going to say, "If the Government proves there was no
2  entrapment at the time the defendant committed the crime, then
3  entrapment is not a defense," because I also think that's a true
4  statement of the law.
5        So I could say, "If the Government proves there was no
6  entrapment at the time the defendant committed the crime, then
7  entrapment is no defense.  You may consider a defendant's
8  predisposition" -- "You may consider" -- I don't know exactly --
9  I still don't know what it is you're proposing.  I think we're
10 safer to refer them to the instruction.  But if you have a
11 proposal, I'll certainly listen to it.
12       **MS. HALL:**  We'll submit.
13       **THE COURT:**  All right.  We'll see if this makes them
14 happy or not.
15       *(Proceedings adjourned at 2:59 p.m.)*
16                              ***
17                     *REPORTER'S CERTIFICATE*
18       I, Anne Roldan, certify that I am a duly qualified
   and acting Official Court Reporter for the United States
19 District Court, that the foregoing is a true and accurate
   transcript of the proceedings as taken by me in the
20 above-entitled matter on August 21, 2024; and that the format
   used complies with the rules and requirements of the United
21 States Judicial Conference.
22 Date:  August 23, 2024
23
24 *Anne Roldan, RMR, CRR, CSR 13095*
25